UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO. 4:17CR00293-47

RANDALL RAPP

# MEMORANDUM AND REQUEST FOR
# CREDIT OF TIME SPENT IN STATE CUSTODY ON
# RELATED CONDUCT

COMES NOW, Defendant, Randall Rapp, by and through his counsel, Adam Childers, states in support of this Memo and Request and states:

## I.  State Case Relevant Conduct

The Defendant was arrested, charged, convicted, sentenced and incarcerated by the State of Arkansas in Case No. 58CR-17-503, *State of Arkansas v. Randall G Rapp*, filed in the Pope County Circuit Court in 2017.  Defendant was charged with Intimidating a Juror, Witness, or Informant, the substance of which is related to the conspiracy alleged in this matter and is referenced as related conduct to this matter in the PSR (Paragraph 27) under the heading **_The Offense Conduct_** beginning on Paragraph 6 of the PSR continuing to Paragraph 27.

The felony information was filed on 7/20/2017 with the Pope County Circuit Clerk.  The bench warrant was served on the Defendant on 08/07/2017.  A plea to 132 months in the ADC with an additional 120 months of suspended imposition of sentence (SIS) was accepted by the court and the sentencing order was filed of record on 04/03/2018. *See Attached Sentencing Order*. Defendant Rapp was then placed in the custody of the Arkansas Department of Corrections to begin serving his sentence.  He has remained in custody, while this matter has been proceeding.

## II.  State Custody Credit

Rapp was subsequently indicted in this matter on October 3, 2017.  The underlying conduct which formed the basis for the State charge is the conduct that served as the basis for the instant offense.  As such, that case was not counted for criminal history calculations in the current PSR as noted in paragraph 68.  Defendant understands that as "relevant conduct" it is taken into consideration for sentencing in the instant offense.  As the relevant conduct is taken into consideration, so too should any discharged or undischarged portion of any sentence related thereto in accordance with applicable sentencing statutes and the United States Sentencing Guidelines, USSG Section 5G1.3.

§5G1.3 - Imposition of a sentence on a defendant subject to an undischarged term of imprisonment or anticipated state term of imprisonment states the following:

> (a)    If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b)    If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court **_shall adjust_** the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and concurrently to the remainder of the undischarged term of imprisonment.
>
> (c)    If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.
>
> (d)    (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

After the Defendant was indicted, he was brought before this court on a "writ" with Arkansas having "primary jurisdictional custody" at the time of his plea and arraignment. (*See Docket # 628*) A detainer was lodged against him on 03/14/2019. *(See Docket # 883)* He was thereafter returned to Arkansas state custody for a brief period of time until it was deemed to be unsafe for the Defendant to be kept in the custody of the Arkansas Department of Corrections as there was an attempt on Mr. Rapp's life while in the custody of the Arkansas Department of Corrections in the Cummins Unit. The Defendant has since been in the custody of the U.S. Marshals and has been housed by the U.S. Marshal's at the Dallas County Jail in Fordyce, Arkansas for an extended period of time.

Defendant is requesting credit for the time spent in state custody to be applied in determining his federal sentence as well as any period of time which may be considered "federal" custody.

The Bureau Of Prisons ("BOP"), should give a Defendant credit for any period of time the Defendant has been in Federal Primary Jurisdiction.

The Defendant raises the issue of properly attributed jail credit for the time spent in the custody of the Arkansas Department of Corrections on the State of Arkansas Case arising out of Pope County, Case Number 58CR-17-503 as the Defendant is entitled to consideration of the jail credit. The Defendant is concerned no credit will be given for the period of time spent in State custody. As the State of Arkansas charge and subsequent conviction was the conduct that served as the basis for the indicted offense.

Accordingly, the Defendant is seeking to ensure that he gets any credit due to him for the time spent in custody on the State of Arkansas Charge (which formed in part the basis on the indictment) without the BOP denying him credit saying the Court should have determined it at sentencing, and without the Court saying the BOP will determine it at a later date.

### III. Issue History

The determination of this issue has previously been addressed by the Supreme Court. In *United States v. Wilson*, the Supreme Court stated:

> The defendant's right to the full credit authorized by the statute is obviously an important right. Both the Attorney General and the sentencing judge have a duty to

respect and protect that right. Moreover, it is clear that in the event there is a dispute between the parties over the right to a credit, the dispute must be resolved **by the court**. No one contends that the Attorney General has unreviewable discretion to determine the appropriate credit in any case.

Although Congress' use of the passive voice clearly leaves open the question of who the decision maker is with respect to jail credit, the placement of § 3585 in Subchapter D-Imprisonment, in which "the court" is called upon to determine the sentence (§ 3581), impose the sentence (§ 3582), include a term of supervised release (§ 3583), and determine whether the term is to run concurrently or consecutively in the case of multiple sentences (§ 3584), clearly points to **the judge as the person who is to calculate credit** (§ 3585) in the first instance. Congress could have made this perfectly clear by repeating the phrase "the court" in § 3585, but that was made almost unnecessary by placing § 3585 in a subchapter in which the court clearly had responsibility for every action that needed to be taken, but could also delegate actions to the appropriate authorities. *United States v. Wilson*, 503 U.S. 329 (112 S.Ct. 1351, 117 L.Ed.2d 593)(Stevens Dissenting)(emphasis added)

After a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence. *See* 18 U.S.C. 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the Bureau of Prisons must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

Crediting jail-time against federal sentences long has operated in this manner. After Congress enacted § 3568 in 1966, the Bureau of Prisons developed detailed procedures and guidelines for determining the credit available to prisoners. See Apps. B and C to Brief for United States (stating BOP's procedures for computing jail-time credit determinations, *United States v. Wilson, infra*); *see also United States v. Lucas*, 898 F.2d 1554 (CA11 1990). Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (1990*); Lucas, supra*, at 1556, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, *see United States v. Bayless*, 940 F.2d 300, 304-305 (CA8 1991); *United States v. Flanagan*, 868 F.2d 1544, 1546 (CA11 1989); *United States v. Martinez*, 837 F.2d 861, 865866 (CA9 1988). Congress' conversion of an active sentence in § 3586 into a passive sentence in § 3585(b) strikes us as a rather slim

ground for presuming an intention to change these well-established procedures. "It is not lightly to be assumed that Congress intended to depart from a long established policy." *Robertson v. Railroad Labor Board*, 268 U.S. 619, 627, 45 S.Ct. 621, 624, 69 L.Ed. 1119 (1925). *See United States v. Wilson*, 503 U.S. 329 (112 S.Ct. 1351, 117 L.Ed.2d 593)

We agree with the United States that the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568. When Congress writes a statute in the passive voice, it often fails to indicate who must take a required action. This silence can make the meaning of a statute somewhat difficult to ascertain. *See, e.g., E.I. du Pont de Nemours & Co. v. Train*, 430 U.S. 112, 128, 97 S.Ct. 965, 975, 51 L.Ed.2d 204 (1977); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 102-103, 99 S.Ct. 1601,1609- 1610, 60 L.Ed.2d 66 (1979). Because of the silence, Defendant raises the question to the Court first, to avoid any claim that he procedurally defaulted the issues, should post conviction remedies ensue.

Regardless, 18 USC 3585(b) calls for a defendant to be given such credit. This determination, as the district court correctly observed, is properly left to the Bureau of Prisons. United States. Iversen, 90 F.3d 1340, 1344-45 (8th Cir.1996) (noting the district court did not have authority under 18 U.S.C. § 3585(b) to credit the defendant for time spent in home detention during a previous sentence, and such a claim should first be presented to the Bureau of Prisons). A district court cannot apply section 3585(b) when sentencing, because computing "the credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time Rapp has served, should such occur. *See Rogers v. United States,* 180 F.3d 349, 358 (1st Cir.1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241.") (citing *Wilson,* 503 U.S. at 335, 112 S.Ct. 1351; 28 C.F.R. §§ 542.10-542.16). The district court correctly left this credit calculation for time served issue to the Bureau of Prisons. That is not the end of the analysis, however.

**IV.     §5G1.3 and Other Application**

The Defendant has remained in custody since 2017 and as such, has a substantial amount of time subject to consideration at sentencing. As §5K2.23 states, there are other grounds for a downward departure that may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense. Thus, the question is whether §5G1.3 applies to the Defendant if there remains any undischarged time and credit for any discharged time already served.

At sentencing, it is important to determine to what extent US.S.G. § 5G1.3 applies to a defendant. In certain circumstances, §5G1.3 permits the court to make an adjustment or a downward departure for time spent in detention which would not be awarded towards the federal sentence by the Bureau of Prisons under 18 USC. § 3585(b). §5G1.3 has been modified several times, so it is crucial to determine which version applies to the defendant. The present version of §5G1.3 permits an adjustment (non-departure) if the time in detention is related to the federal offense (§5G1.3(b)).

If the Court finds an adjustment is justified based on a discharged sentence, the adjustment is to be via downward departure. If the federal sentencing judge invokes §5G1.3, it is crucial for the Judgment and Commitment order to delineate exactly how the court determined the sentence. If the Court does agree that such application is warranted, then a reference to §5G1.3(b) and the amount of adjustment should be noted on the Judgment and Commitment order. This reference assists the Bureau in resolving issues concerning the court's intent, which issues often arise years after the sentence was imposed

Application Note 2 to section 5G1.3, provides:

> When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense.

According to *Wilson*, the court "must first address whether the district court may properly refer the matter to the Bureau of Prisons for resolution. Credit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *See United States v. Wilson,* 503

U.S. 329, 332-36, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992).

Nevertheless, we see no reason why the principles underlying *Wilson* would not apply to this case." Here, Rapp seeks to invoke a Guidelines provision to reduce his federal sentence. The applicability of a Guidelines provision is a question for the sentencing court. *See United States v. Kiefer*, 20 F.3d 874, 876 (8th Cir.1994) ("[W]e find nothing in *Wilson* suggesting that the Attorney General's authority under § 3585(b) limits a sentencing court's power to apply § 5G1.3 of the Guidelines.").

Indeed, as the Court in Wilson explained, **"[a]fter** a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335, 112 S.Ct. at 1355 (emphasis added). Such language presumes that the district court will first sentence the offender-applying the relevant Sentencing Guidelines-before credit determinations shall be made by the Bureau of Prisons.

Application of section 5G1.3(b) is a matter for the Court, not the Bureau, to decide. As Application note four states:

> 4.Downward Departure Provision.—In the case of a **discharged** term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) **would have** provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. See §5K2.23 (Discharged Terms of Imprisonment). (Emphasis Added)

Defendant believes he is entitled to a Downward Departure with the Guidelines for the time spent in custody on the Arkansas charge from the date of his arrest, through the date he was turned over to federal authorities. He is clearly entitled to jail credit for all time spent in federal custody in this matter thereafter.

**WHEREFORE,** Defendant moves for the application of the Guidelines to provide for an adjustment for the time spent in the custody of the State of Arkansas State as set forth herein.

Respectfully submitted,

*/s/ Adam Joseph Childers*

Adam Joseph Childers
Ark. Bar No. 2013035
CHILDERS LAW
315 N. Broadway St.
North Little Rock, Arkansas 72114
Tel (501) 500-9797 / Fax (501) 500-9793
e-mail:  Adam@Childers.Law

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Liza Brown
U. S. Attorney's Office Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
501-340-2600

ADAM JOSEPH CHILDERS

# SENTENCING ORDER

IN THE CIRCUIT COURT OF **Pope** COUNTY, ARKANSAS,
**FIFTH** JUDICIAL DISTRICT **1** DIVISION

On **4/2/2018** the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

## Offender

| Defendant [Last, First, MI] | Rapp, Randall G | | DOB | 9/16/1979 | Sex | ✓ Male ☐ Female | Total Number of Counts | 1 |
|---|---|---|---|---|---|---|---|---|
| SID# | 680697 | Race & Ethnicity | ✓ White ☐ Pacific Islander ☐ Other | ☐ Black ☐ Unknown | ☐ Asian ☐ Hispanic | ☐ Native American | | |

Supervision Status at Time of Offense: **PAROLE**

## Court Info

| Judge | WILLIAM PEARSON | File Stamp |
|---|---|---|
| Prosecuting Attorney/Deputy | David L. Gibbons | |
| Defendant's Attorney | CHASE MANGIAPANE | ☐ Private  ✓ Public Defender  ☐ Appointed  ☐ Pro Se |
| Change of Venue  ☐ Yes  ✓ No  If Yes, from: | | |

File Stamp: POPE CO. FILED CIRCUIT CLERK 2018 APR -3 PM 2:36

## Legal Statements

☐ Pursuant to A.C.A.   ☐ 16-93-301 et seq., or   ☐ _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:

☐ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Correction (D.C.C.) rules and regulations.

✓ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing and intelligent waiver of right to counsel.   ☐ Yes  ✓ No

## Offense #1: Most Serious Offense

| A.C.A. # / Name of Offense | 5-53-114 - INTIMIDATING A JUROR (8/12/2005 AND THEREAFTER) | | Case # 58CR-17-503 |
|---|---|---|---|
| A.C.A. # Orig. Charge | | ATN POP005100823 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
| Offense Date | 6/4/2017 | Appeal from District Court ☐ Yes ✓ No | Probation/SIS Revocation ☐ Yes ✓ No |
| Criminal History Score: 4 | Seriousness Level: 4 | Offense is ✓ Felony ☐ Misd. ☐ Violation | Offense Classification ☐ Y ☐ A ☐ B ✓ C ☐ D ☐ U |
| Presumptive Sentence | ✓ Prison Sentence of 72 to 72 months | ✓ Community Corrections Center | ✓ Alternative Sanction |
| Number of Counts: 1 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to Commit the Offense | | |

| Defendant Sentence | | If probation or SIS accompanied by period of confinement, state time: ___ days ___ mths |
|---|---|---|
| ✓ ADC ☐ Jud Trans ☐ Cnty Jail | | |
| Imposed | 132 months | Sentence was enhanced ___ months, pursuant to A.C.A. ___ |
| Probation | 0 months | Enhancement(s) is to run ☐ Concurrent ☐ Consecutive |
| SIS | 120 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection |
| Other ☐ Life ☐ LWOP ☐ Death | | ☐ (a) ✓ (b) ☐ (c) ☐ (d) |

| Victim Information [Multiple Victims ☐ Yes ☐ No] | ✓ N/A | Age | Sex ☐ Male ☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|---|

Defendant voluntarily, intelligently and knowingly entered a

| | | Defendant ☐ 16-93-301 et seq. ☐ Other ___ | |
|---|---|---|---|
| ✓ negotiated plea of | ✓ guilty ☐ nolo contendere | ☐ was sentenced pursuant to | |
| | | ☐ entered a plea and was sentenced by a jury. | ☐ court ☐ jury |
| ☐ plea directly to the court of | ☐ guilty ☐ nolo contendere | ☐ was found guilty by the court & sentenced by | ☐ court ☐ jury |
| | | ☐ was found guilty at a jury trial & sentenced by | ☐ court ☐ jury |
| | | ☐ was found guilty of lesser offense by | |

| Sentence is a Departure ✓ Yes ☐ No ☐ N/A | Sentence Departure ✓ Durational ☐ Dispositional ☐ Both |
|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence: **60** |

Departure Reason   Mitigating # ___   or Aggravating # **8**   (For Agg #17, Mit #9 or departure from guidelines, explain)

Sentence will run ☐ Consecutive ☐ Concurrent to Offense # ___ or to Case # ___

Defendant's Full Name:   Rapp, Randall G

## Special Conditions

### Sex Offenses
Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee.
☐ Yes ☑ No

Defendant has committed an aggravated sex offense as defined in A.C.A. 12-12-903
☐ Yes ☑ No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. 12-12-918.
☐ Yes ☑ No

Defendant has been adjudicated guilty of an offense requiring registration and has previously been adjudicated guilty of a prior sex offense under a separate case number. If yes, list prior case numbers.
☐ Yes ☑ No   Case Number(s)

### DNA Sample / Qualifying Offenses
Defendant has been adjudicated guilty of a qualifying offense or repeat offense as defined in A.C.A. 12-12-1103.   ☐ Yes ☑ No
Defendant is ordered to have a DNA sample drawn at
☐ a D.C.C. Facility   ☐ the A.D.C.   ☐ Other

### Domestic Violence Offenses
Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 under Act 583 of 2017.
☐ Yes ☑ No

Defendant was originally charged with a domestic-violence related offense.
☐ Yes ☑ No
If Yes, state the A.C.A. # of the Offense

If Yes to either question, identify the relationship of the victim to the Defendant by offense number.

### Drug Crime
Defendant has been adjudicated guilty of a drug crime as defined in A.C.A. 12-17-101.
☐ Yes ☑ No

## Fines, Fees, Restitution

| | |
|---|---|
| Court Costs | $150.00 |
| Fines | |
| Booking/Admin Fees ($20) | $20.00 |
| Drug Crime Assessment Fee ($125) | |
| DNA Sample Fee ($250) | |
| Children's Advocacy Center Fund Fee | |
| Public Defender User Fee ($25) | $100.00 |
| Public Defender Attorney Fee | $300.00 |
| Other (explain below) | $0.00 |

Restitution
Payable to [If multiple beneficiaries, give names and payment priority]

Terms ☐ Due Immediately
☑ Installments of:   $50 PER MONTH BEG
☑ Payments must be made within   30   days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution.
☐ Restitution is joint and several with co-defendant(s) who was found guilty. List name(s) and case number(s).

## Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act.   ☐ Yes ☑ No
The Court hereby orders a judicial transfer to the Department of Community Correction.   ☐ Yes ☑ No
Pursuant to Community Punishment Act, the defendant shall be eligible to have his/her records sealed.   ☐ Yes ☑ No

Extended Juvenile Jurisdiction Applied   ☐ Yes ☑ No

| JAIL TIME CREDIT In days: 5 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: 132   ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☑ No | If Yes, State Execution Date |

DEFENDANT IS ASSIGNED TO:   ☑ ADC   ☐ ADC, Admin. Transfer Authorized   ☐ CCC   ☐ COUNTY JAIL   ☐ PROBATION   ☐ SIS

Conditions of disposition or probation are attached.   ☐ Yes ☑ No

A copy of the Pre-sentence investigation on sentencing information is attached   ☐ Yes ☑ No
A copy of the Prosecutor's Short Report is attached   ☑ Yes ☐ No

☐ Defendant has previously failed a drug court program

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS   ☐ Yes ☑ No   Appeal Bond  $

The County Sheriff is hereby ordered to :   ☐ transport the defendant to county jail   ☐ take custody for referral to CCC   ☑ transport to ADC

Defendant shall report to DCC probation officer for report date to CCC   ☐ Yes ☑ No

## Signature

Prosecuting Attorney/Deputy Signature:   Date: 2 April 2018   Print Name: David L. Gibbons

Circuit Judge Signature: William M. Pearson   Date: 4-2-18   Print Name: WILLIAM PEARSON

**Additional Info**
SUSPENDED IMPOSITION OF SENTENCE COND UPON DEF LIVING A LAW ABIDING LIFE - NOT COMMITTING ANY OFFENSE PUNISHABLE BY IMPRISONMENT, UPON PAYMENT OF FINANCIAL OBLIGATIONS, AND NO CONTACT WITH VICTIM.

**A C K N O W L E D G M E N T**

I, hereby acknowledge receipt of a copy of the foregoing order on this 2nd day of April, 2018, and do state that I fully understand the above conditions which are being imposed on me and the consequences of my violating any of those conditions.

_____
DEFENDANT

4/2/2018
_____
DATE